IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| CALVIN EUGENE BOLES | ) | |
| | ) | |
| v. | ) | No. 2:15-0029 |
| | ) | |
| ANDREW M. SAUL | ) | |
|   Commissioner of Social Security.[1] | ) | |

**To:** The Honorable Waverly D. Crenshaw, Chief District Judge

# REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner" or "Defendant") denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") as provided under Titles II and XVI, respectively, of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (*see* Docket Entry ("DE") 23), to which Defendant has filed a response. *See* DE 28. This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for initial consideration and a Report and Recommendation. *See* DE 4.

Upon review of the administrative record as a whole and consideration of the parties' filings, the undersigned Magistrate Judge respectfully recommends that Plaintiff's motion (DE 23) be **DENIED**.

---

[1] Andrew M. Saul has been appointed Commissioner of the Social Security Administration. He is therefore automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

# I. INTRODUCTION

Plaintiff filed applications for DIB and SSI on August 16, 2011. *See* Transcript of the Administrative Record (DE 17, 21-1) at 103-04.[2] He alleged a disability onset date of August 16, 2011 and asserted that he was unable to work because of problems with his heart, back, right hand, and anxiety. AR 103-04, 120. Plaintiff's applications were denied initially and upon reconsideration. AR 103-06. Pursuant to his request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with counsel and testified at a hearing before ALJ Joan Lawrence on September 17, 2013. AR 85. The ALJ denied the claim on February 7, 2014. AR 64-66. The Appeals Council denied Plaintiff's request for review of the ALJ's decision on April 17, 2015 (AR 53-55), thereby making the ALJ's decision the final decision of the Commissioner.

On May 22, 2015, Plaintiff filed suit in this district court seeking judicial review of the ALJ's denial pursuant to 42 U.S.C. 405(g). *See* DE 1. On September 11, 2015, the District Judge enter an order vacating the ALJ's decision and remanding Plaintiff's claim pursuant to sentence six of 42 U.S.C. § 405(g) for a *de novo* administrative hearing, which resulted in the district court retaining jurisdiction until the post-remand proceedings were completed. *See* DE 15.[3] On

---

[2] The Administrative Record in this case is contained in two separate filings. *See* DE 17, 21-1. For the sake of clarity, the Transcript of the Administrative Record will be referenced by the abbreviation "AR" followed by the corresponding page number(s) as numbered in the large black Bates stamps on the bottom right corner of each page.

[3] Sentence six of 42 U.S.C. § 405(g) reads as follows: "The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file

August 15, 2018, the Commissioner filed the administrative record, which indicated that Plaintiff's claim was again denied following remand. AR 1-3.[4] On February 15, 2019, Plaintiff filed the instant motion for judgment on the administrative record. *See* DE 23.

## II. THE ALJ FINDINGS

The ALJ's second unfavorable decision on April 28, 2017, included the following enumerated findings based upon the record:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

2. The claimant has not engaged in substantial gainful activity since August 16, 2011, the alleged onset date (20 CFR 404.1571 *et seq.,* and 416.971 *et seq.*).

3. The claimant has the following "severe" impairments: degenerative disc disease of the spine; coronary artery disease; sleep apnea; chronic obstructive pulmonary disease (COPD) in a setting of ongoing tobacco abuse against medical advice; a depressive disorder; and post-traumatic stress disorder (PTSD) (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he is precluded

---

with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based."

[4] The administrative record does not contain a second denial by the Appeals Council, but instead includes duplication of the note showing the initial denial by the Appeals Council on April 17, 2015. AR 53-55, 107-09. Defendant states that because the Appeals Council "did not accept own motion review [sic] within 60-days, the April 28, 2017, decision became the final decision of the Commissioner and is properly before the Court[.]" DE 28 at 2. The Court accepts this explanation as the basis of its jurisdiction over the pending matter.

from any climbing of ladders; limited to occasional balancing, stooping, kneeling, crouching, crawling, and climbing stairs; should avoid humidity, temperature extremes, hazards, and pulmonary irritants such as dust, fumes, etc. due to COPD; and can deal with change and people 1/3 of the time.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on September 16, 1972 and was 38 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 16, 2011, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 6-14.

### III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

# IV. DISCUSSION AND CONCLUSIONS OF LAW

## A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If substantial evidence supports the ALJ's decision, that decision must be affirmed "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). In other words:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994).

The Commissioner utilizes a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). If the issue of disability can be resolved at any point during the evaluation, the ALJ does not proceed to the next step and the claim is not reviewed further. *Id*. §§ 404.1520(a)(4), 416.920(a)(4). At step one, the claimant must show that he is not engaged in "substantial gainful activity" at the time disability benefits are sought; at step two, the ALJ considers whether one or more of the claimant's alleged

impairments are "severe" in nature; at step three, the ALJ determines whether the impairments at issue meet or equal one of the Listings contained in the regulatory List of Impairments; at step four, the ALJ considers the claimant's residual functional capacity ("RFC") and determines whether the claimant can still perform past relevant work; at step five, the burden of proof shifts to the ALJ to assess whether the claimant, after establishing that past relevant work is no longer possible, is capable of performing other types of work. *Id*. §§ 404.1520(a)(4), 416.920(a)(4).

If the ALJ determines at step four that the claimant can perform past relevant work, the claimant is "not disabled" and the ALJ need not complete the remaining steps of the sequential analysis. *Id*. §§ 404.1520(a)(iv), 416.920(a)(iv). "Past relevant work" is defined as "substantial gainful activity" that a claimant has done within the past 15 years and that lasted long enough for the claimant to learn to do it. *Id.* §§ 404.1560(b)(1), 416.960(b)(1). If the claimant is unable to perform past relevant work, however, the ALJ proceeds to step five to determine whether, in light of the claimant's RFC, age, education, and work experience, the claimant can perform other substantial gainful employment and whether such employment exists in significant numbers in the national economy. *Id*. §§ 404.1520(a)(v), 416.920(a)(v). In evaluating a claimant's RFC, the ALJ must consider the combined effect of all of the claimant's impairments, mental and physical, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B).

The Court's review of the Commissioner's decision is limited to the record made during the administrative hearing process. *Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). A reviewing court is not permitted to try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (*Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court is required to accept the ALJ's explicit findings and ultimate determination unless the record as a whole is

without substantial evidence to support the ALJ's determination. *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984) (citing 42 U.S.C. § 405(g)).

**B. The ALJ's Five -Step Evaluation of Plaintiff**

In the instant case, the ALJ resolved the Plaintiff's claim at step five of the five-step process. The ALJ found that Plaintiff met the first two steps but found at step three that Plaintiff was not presumptively disabled because he did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. At step five, the ALJ found that Plaintiff's RFC allowed him to perform light work with express limitations to account for his severe impairments, and that considering his age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 6-14.

**C. Plaintiff's Assertion of Error**

Plaintiff presents four assertions of error: (1) the ALJ failed to question the vocational expert regarding all of Plaintiff's alleged functional limitations; (2) the ALJ failed to find that Plaintiff's right hand condition represents a severe impairment; (3) the ALJ failed to properly evaluate the severity of Plaintiff's mental impairments; and (4) the ALJ failed to adequately consider the severity of Plaintiff's pain when formulating the RFC. DE 24 at 26-33. Plaintiff therefore requests that this case be reversed and/or remanded pursuant to sentence four of 42 U.S.C. § 405(g) for additional consideration. *Id*. at 34.

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the

Commissioner of Social Security, with or without remanding the cause for a rehearing.

If the case contains an adequate record, "the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). The Court addresses Plaintiff's assertions of error in turn.

**1. The Opinion of Dr. Thomas Dake.**

The caption of Plaintiff's first assertion of error reads as follows: "The ALJ Erred in Failing to Question the [Vocational Expert] on all of Mr. Boles' Restrictions." DE 24 at 26. However, Plaintiff's argument actually involves the ALJ's alleged failure to provide adequate reasons for rejecting the opinion of Dr. Thomas Dake, who performed a consultative examination on July 23, 2016. AR 1294-1305. Dr. Dake concluded, among other things, that during an eight-hour workday Plaintiff is limited to eight hours of sitting, four hours of standing, and two hours of walking, and that Plaintiff can never be exposed to humidity, wetness, dust, odors, fumes, pulmonary irritants, extreme cold, or extreme heat. AR 1301, 1303-04. Dr. Dake based these restrictions on Plaintiff's "reactive airway disease." AR 1301, 1304.

The ALJ's opinion does not directly address the limitations proffered by Dr. Dake, but instead cites Plaintiff's lack of reported difficulty with sitting, standing, or walking during a field office interview in 2015, as well as records indicating that Plaintiff's COPD is well-controlled

with medication and that he continues to smoke against medical advice. AR 10. The entirety of Plaintiff's argument, which does not reference these findings, consists of the following: "Dr. Henson, treating pulmonologist, similarly found Mr. Boles limited by his COPD. The ALJ erred in her dismissal of these restrictions." DE 24 at 27. Plaintiff does not bother to recite any limitations allegedly endorsed by this physician, however, which is significant given that Dr. Henson merely provided a diagnosis of "chronic obstructive pulmonary disease, unspecified" (AR 1343), which does not rise to the level of a medical opinion for purposes of evaluating disability. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis of [an impairment], of course, says nothing about the severity of the condition."). Moreover, Dr. Henson's physical examination of Plaintiff yielded findings that included unlabored and normal breathing, normal motor strength and tone, and normal heart rate and rhythm (AR 1347), all of which tend to support the ALJ's conclusion. *See Conner v. Comm'r of Soc. Sec.*, 658 F. App'x 248, 254 (6th Cir. 2016) (noting that a treating physician's records "failed to reveal the type of significantly abnormal findings that would qualify a patient as disabled").

Furthermore, Plaintiff's inchoate argument fails to identify any authority violated by the ALJ's implicit rejection of Dr. Dake's opinion, which renders this assertion of error futile. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to … put flesh on its bones.") (internal citation omitted). The ALJ was not required to discuss every piece of evidence submitted and her failure to explicitly cite such evidence in the administrative opinion does not mean that it went unconsidered. *Daniels v. Comm'r of Soc. Sec.*, 152 F. App'x 485, 489 (6th Cir. 2005) (internal citation omitted). Because

9

Dr. Dake was a one-time consultative examiner, the ALJ was free to reject his conclusions without giving any specific reasons for doing so. *Triplett v. Astrue*, No. 3:12-CV-42-JMH, 2012 WL 6706163, at *5 (E.D. Ky. Dec. 26, 2012) (citing *Smith v. Comm'r of Soc. Sec.,* 482 F.3d 873, 876 (6th Cir. 2007)). For each of these reasons, Plaintiff's assertion of error is rejected.

### 2. The ALJ's Step Two Findings.

Plaintiff next argues that the ALJ erred by failing to conclude at step two of the evaluation that Plaintiff's right-hand impairment constitutes a severe impairment. DE 24 at 27. Plaintiff cites his own testimony regarding swelling, a physical examination finding from 2012 indicating stronger grip in the left hand than in the right, and a 2016 x-ray showing post-traumatic arthrosis without joint space narrowing before arguing that "[i]f an impairment causes restrictions, it is severe and cannot be ignored." *Id*.

Plaintiff's argument is unavailing for multiple reasons. First, the ALJ did not ignore the condition of Plaintiff's right hand, but instead appropriately highlighted a notation from a 2016 consultative examination during which Plaintiff exhibited no problems with his hands and demonstrated the ability to "freely" manipulate materials. AR 10, 1307. This is consistent with reports from multiple physicians noting normal bilateral range of motion in the wrists, normal bilateral grip strength, normal gross/fine manipulation, and the absence of myopathy or radiculopathy. AR 332, 370, 1296, 1318, 1325, 1330, 1333, 1339.

Additionally, the ALJ's failure to find that Plaintiff's right-hand impairment rises to the level of "severe" at step two does not require reversal of the Commissioner's decision. Once the ALJ finds that at least one of the claimant's alleged impairments is severe in nature, the claim survives the step two screening process and both severe and non-severe impairments are

considered in the remaining steps of the evaluation process. 20 C.F.R. §§ 404.1523, 404.1545(a)(2). Courts have therefore consistently held that an ALJ does not commit reversible error when she fails to find that some impairments are severe but finds that other impairments are severe and proceeds to the next step of the evaluation process. *See, e.g., Maziarz v. Sec'y Health & Human Serv.*, 837 F.2d 240, 244 (6th Cir. 1987); *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x. 516, 522 (6th Cir. 2008); *Fisk v. Astrue*, 253 F. App'x. 580, 583-84 (6th Cir. 2007).

Here, the ALJ found that Plaintiff had multiple severe impairments (AR 6) and proceeded to the third step of the evaluation process. The conclusion that Plaintiff's right-hand impairment was not severe did not prevent the ALJ from finding other severe impairments, did not result in a conclusion that Plaintiff was not disabled, and did not halt the five-step evaluation process. Accordingly, any error committed by the ALJ in this regard is harmless and therefore fails to warrant reversal.

### 3. The ALJ's Evaluation of Plaintiff's Mental Impairments.

Plaintiff contends that the ALJ erred by failing to adequately consider the opinions of record concerning Plaintiff's mental condition. DE 24 at 28. This includes the opinion of Mr. Jeffery Scott Herman, who performed a consultative mental examination on March 2, 2012, and completed a corresponding report indicating that Plaintiff functions "in the borderline range of intelligence" and is capable of understanding, remembering, and carrying out simple and repetitive tasks. AR 385. Mr. Herman additionally noted that Plaintiff "appears to be restricting his activities beyond what is necessitated by his condition." AR 386.

Mr. Jerrell F. Killian performed his own examination on July 26, 2016 and completed a subsequent report in which he opined that Plaintiff is "mildly" limited in his ability to make

11

judgments on simple work-related decisions and interact with the public, supervisors, and co-workers. AR 1311. He also concluded that while Plaintiff has no problem understanding, remembering, or carrying out simple instructions, Plaintiff is "markedly" limited in his ability to understand, remember, and carry out complex instructions, and make judgments on complex work-related decisions. AR 1310-11. The report also suggests that Plaintiff's ability to respond appropriately to usual work situations and changes in a routine work setting is moderately-to-markedly limited. AR 1311.

It is true, as Plaintiff alleges, that the ALJ failed to discuss Mr. Herman's findings in the most recent administrative opinion, which is somewhat confounding given that the same ALJ accorded "great weight" to Mr. Herman's assessment in her initial opinion. AR 78, 382-86. However, Mr. Herman's opinion is pertinent only to the extent that it discusses "the specific extent of limitations" caused by Plaintiff's alleged mental impairments, *Montecalvo v. Comm'r of Soc. Sec.*, 695 F. App'x 124, 128 (6th Cir. 2017) (citing *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 651 n.3 (6th Cir. 2009), which is notable since the only concrete functional limitation in Mr. Herman's opinion states that Plaintiff is "capable of understanding, remembering, and carrying out tasks of a familiar, simple, and repetitive nature." AR 385. The Court notes that during the administrative hearing, a vocational expert identified three "unskilled" jobs that Plaintiff could perform despite his impairments (AR 13, 49-50), which appears to adequately account for Mr. Herman's lone restriction. *See Cole v. Comm'r of Soc. Sec.*, 105 F. Supp. 3d 738, 744 (E.D. Mich. 2015) (holding that "unskilled work" encompassed limitation of "simple and low-stress work" in ALJ's hypothetical to vocational expert). Plaintiff's failure to explain how inclusion of Mr. Herman's prescribed functional limitation in the RFC would change the outcome of the decision also renders this argument moot. *See Yates v. Colvin*, No. 3:14-cv-132,

2015 WL 2338097, at *8 (S.D. Ohio May 13, 2015), *report and recommendation adopted,* 2015 WL 3475528 (S.D. Ohio June 2, 2015) (holding that ALJ's failure to include limitations in hypothetical to vocational expert that were not required by the jobs identified as viable for the claimant was harmless error).

Plaintiff similarly fails to identify any actual error in the ALJ's evaluation of Mr. Killian's opinion, which involved a detailed discussion of the findings contained therein. AR 7-8, 11-12. The ALJ explained the weight accorded to Mr. Killian's opinion, as well as the consistency between this opinion and those provided by non-examining State agency psychological consultants. AR 11-12. The Court thus finds no error in the ALJ's analysis.

Plaintiff additionally faults the ALJ for failing to discuss in the administrative opinion a "report" produced by providers at Life Care Family Services ("Life Care"). DE 24 at 29. The "report" Plaintiff cites is an initial diagnostic interview at Life Care in which a counselor assigned Plaintiff a global assessment of functioning ("GAF") score of 50 based on his report of the severity of his symptoms. AR 1271-83. Plaintiff argues that the ALJ's failure to reference this GAF score, along with GAF scores of 52 and 45 assigned by Mr. Herman and Dr. Don Elazar, respectively, warrants reversal of the Commissioner's decision. DE 24 at 29-31.

The Court disagrees. First, although GAF scores "may" assist the ALJ in formulating a claimant's RFC, *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002), they are not essential to the analysis. *See Keeler v. Comm'r of Soc. Sec.*, 511 F. App'x 472, 474 (6th Cir. 2013) ("[T]he ALJ was not required to consider [the claimant's] GAF scores[.]") (internal citations omitted). *See also Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 511 (6th Cir. 2006) ("[W]e are not aware of any statutory, regulatory, or other authority requiring the ALJ to put stock in a GAF score in the first place."). A GAF score is not raw medical data, *Kennedy v.*

*Astrue*, 247 F. App'x 761, 766 (6th Cir. 2007), and does not provide the adjudicator with a specific functional limitation on which to base the RFC. For this reason, the Sixth Circuit has rejected the very argument made by Plaintiff concerning the significance of a GAF score. *DeBoard v. Comm'r of Soc. Sec.*, 211 F. App'x 411, 415 (6th Cir. 2006) ("[T]he failure to reference a Global Assessment Functioning score is not, standing alone, sufficient ground to reverse a disability determination.") (citing *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002)).

Additionally, GAF scores of 45, 50, and 52 are not, by themselves, evidence of a disabling mental impairment. *See Smith*, 482 F.3d at 877 ("[T]he record supports a GAF in the high 40s to mid 50s, which would not preclude [the claimant] from having the mental capacity to hold at least some jobs in the national economy."). Although a score between 41 and 50 suggests the presence of "serious symptoms," a score of 52 denotes "moderate symptoms" or "moderate difficulty in social, occupational, or school functioning," *Kornecky*, 167 F. App'x at 503, which the ALJ in fact acknowledged in her initial opinion. AR 76. Plaintiff fails to explain how this designation conflicts with the ALJ's conclusion that he suffers from "moderate" limitations with respect to "interacting with others" and "adapting and managing [him]self." AR 7-8. Plaintiff also fails to demonstrate how an explicit reference to these three GAF scores would have altered the ultimate decision, which, as discussed *supra*, makes any error in this regard harmless. *See Collette v. Astrue*, No. 2:08-cv-085, 2009 WL 32929, at *9 (E.D. Tenn. Jan. 6, 2009) ("[A]n administrative decision should not be reversed and remanded where doing so would be merely an idle and useless formality.") (quoting *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 547 (6th Cir. 2004)) (internal quotations omitted). For all these reasons, this assertion of error is rejected.

### 4. The ALJ's Assessment of Plaintiff's Pain.

Plaintiff contends that the ALJ improperly failed to evaluate the effect of his alleged pain in formulating the RFC. DE 24 at 31. When a claimant alleges the existence of disabling pain, the ALJ is required to evaluate the assertion using a two-pronged test delineated by the Sixth Circuit in *Duncan v. Sec'y of Health & Human Servs.,* 801 F.2d 847 (6th Cir. 1986). To meet the first prong of this test, the claimant must produce objective evidence of an underlying condition. *Id*. at 853. To meet the second prong, there are two options: the claimant must present (1) "objective medical evidence to confirm the severity of the alleged pain arising from that condition," or (2) "the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain." *Id*. This standard represents "a more succinct form" of the requirements contained in 20 C.F.R. § 404.1529, which circumscribes the Commissioner's duties when evaluating whether a claimant suffers from disabling symptoms. *Felisky*, 35 F.3d at 1038.

Although not discussed in Plaintiff's brief, Social Security Ruling ("SSR") 16-3p, which expands on the factors set forth in 20 C.F.R. § 404.1529, also bears on the ALJ's analysis. SSR 16-3p mandates that the ALJ consider a claimant's "statements about the intensity, persistence, and limiting effects of the symptoms" and "evaluate whether the statements are consistent with objective medical evidence and other evidence." 2017 WL 5180304, at *6 (October 25, 2017). Under SSR 96-7p, SSR 16-3p's predecessor, this process required the ALJ to make a "credibility" determination based on the claimant's statements about the limiting effects of his alleged symptoms. 1996 WL 374186, at *3 (July 2, 1996). SSR 16-3p does not use the term "credibility," although there appears to be no substantive adjustment to the ALJ's analysis. Notably, the implementation of SSR 16-3p did not abrogate the substantial case law

pertaining to credibility evaluations under SSR 96-7p, *see Dooley v. Comm'r of Soc. Sec.*, 656 F. App'x 113, 119, n.1 (6th Cir. 2016) (noting that SSR 16-3p removed the term "credibility" only to "clarify that subjective symptom evaluation is not an examination of an individual's character"), and reviewing courts have largely "decline[d] to engage in verbal gymnastics to avoid the term credibility where usage of the term is most logical." *Pettigrew v. Berryhill*, No. 1:17-cv-1118, 2018 WL 3104229, at *14, n.14 (N.D. Ohio June 4, 2018), *report and recommendation adopted*, 2018 WL 3093696 (N.D. Ohio June 22, 2018).

Bearing this in mind, the Court concludes that substantial evidence supports the ALJ's evaluation of Plaintiff's alleged pain. The ALJ determined that Plaintiff suffers from several severe physical impairments that include degenerative disc disease, sleep apnea, and COPD. AR 6. The first prong of *Duncan* regarding the existence of objective medical evidence of an underlying condition was therefore met.

However, the ALJ concluded that Plaintiff's subjective complaints of disabling pain were not supported by substantial evidence, which is the equivalent of finding that Plaintiff failed to satisfy *Duncan*'s second prong. *Frisby v. Sec'y of Health & Human Servs.*, 869 F.2d 1490 (table), 1989 WL 17259, at *4 (6th Cir. March 2, 1989). The ALJ's discussion included references to imaging studies demonstrating mild back symptoms, fairly mild physical exam findings, and control of symptoms with the use of medication (AR 10), all of which were appropriate considerations. *See Wilson v. Comm'r of Soc. Sec.*, 618 F. App'x 281, 286 (6th Cir. 2015) (affirming ALJ's adverse credibility finding based on "rather mild findings" that "did not square" with claimant's allegations of disabling symptoms). *See also Smith v. Comm'r of Soc. Sec.*, 564 F. App'x 758, 763 (6th Cir. 2014) (the ALJ may consider the effects of medications on symptoms). The ALJ also discussed Plaintiff's decision to continue smoking despite repeated

admonitions from treating physicians (AR 10), which is a relevant factor in evaluating a claimant's credibility. *See Marshall v. Comm'r of Soc. Sec.*, No. 13-CV-14255, 2015 WL 777940, at *7 (E.D. Mich. Feb. 24, 2015) (collecting cases).

Plaintiff's brief does little more than recite his own reports of pain and exam findings from multiple office visits (DE 24 at 33) and that is not enough to overcome the ALJ's credibility determination, which must be shown to lack the support of substantial evidence. *See Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) ("If the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion."). This is an especially high burden in light of the Sixth Circuit's warning that a reviewing court "should be particularly reluctant to substitute its judgment of the credibility of the claimant for that of the ALJ." *Bailey v. Sec'y of Health & Human Servs.*, 922 F.2d 841 (6th Cir. 1991) (internal citations and quotations omitted). Because Plaintiff has shown no error in the ALJ's determination with respect to the severity of his alleged pain, the Court must reject this assertion of error.

## V. RECOMMENDATION

For the above-stated reasons, it is recommended that Plaintiff's motion for judgment on the administrative record (DE 23) be DENIED and the Commissioner's decision be AFFIRMED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the

District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (*en banc*). Any responses to objections to this Report and Recommendation must be filed within fourteen (14) days of the filing of the objections. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

                                           Respectfully submitted,

                                           BARBARA D. HOLMES
                                           United States Magistrate Judge