# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **CALVIN EUGENE BOLES,** | ) | |
| | ) | |
| v. | ) | No. 2:15-cv-00029 |
| | ) | |
| **ANDREW M. SAUL,** | ) | |
| **Commissioner of Social Security.** | ) | |

## ORDER

Magistrate Judge Holmes has entered a Report and Recommendation ("R&R") (Doc. No. 29) in which she recommends affirmance of the final decision of the Social Security Commissioner denying Calvin Eugene Boles' claim for Disability Insurance Benefits and Supplemental Security Income. Boles has filed an Objection (Doc. No. 30), arguing that the Administrative Law Judge (1) did not properly evaluate his assertions of disabling pain as required by the Sixth Circuit in Duncan v. Sec'y of Health and Human Servs., 801 F.2s 847 (6th Cir. 1986), and (2) improperly characterized the results of an April 21, 2015 MRI of the cervical spine as being "mild." (Doc. No. 30 at 2-3).

In Duncan, the Sixth Circuit developed a two prong test to evaluate a social security claimant's assertion of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

801 F.3d at 853. In the quarter of a century since that case was decided, however, the Sixth Circuit has repeatedly held that "an ALJ who follows the requirements of 20 C.F.R. § 404.1529 does not commit error by failing to explicitly follow Duncan." Pasco v. Comm'r of Soc. Sec., 137 F. App'x 828, 835 (6th Cir. 2005) (citing Baranich v. Barnhart, 128 F. App'x 481, 483 (6th Cir. 2005); McCoy v. Chater, 81 F.3d F.3d 44, 47 (6th Cir. 1995)). That is what the ALJ did in this case – she

did not cite Duncan, but followed the requirements of § 404.1529.

Contrary to Boles' assertion that the "ALJ summarily dismissed [his] pain and its limitation on his ability to function by the short statement, '[t]he level of severity of pain and functional limitations alleged are not consistent with the objective data and are therefore deemed to be only partially credible," (Doc. No. 30 at 1-2), the ALJ was much more thorough than that. She wrote:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimants statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment. The treatment notes, examination findings and objective diagnostic testing results simply do not support the degree of limitations that the claimant alleges. In addition, there are a number of inconsistencies which detract from the claimant's credibility.

(Doc. No. 21-1 at 16). This statement was preceded by several pages detailing Boles' complaints and why the ALJ found those complaints to be overstated. It was also followed by several paragraphs setting forth more of Boles' complaints, along with reasons as why the ALJ chose not to accept them.

"[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 531 (6th Cir. 1997) (citing Villarreal v. Sec'y of Health and Human Servs., 818 F.2d 461, 463 (6th Cir. 1987)). As a consequence, and further "[g]iven the deferential substantial-evidence standard, '[c]laimants challenging the ALJ's credibility findings face an uphill battle.'" Nettleman v. Comm'r of Soc. Sec., 725 F. App'x 358, 360 (6th Cir. 2018)(quoting Daniels v. Comm'r of Soc. Sec., 152 F. App'x 485, 488 (6th Cir. 2005)).

The ALJ in this case did not simply rely upon boilerplate or hackneyed language to make

her credibility determination. Instead, she compared Boles' alleged pain and its limitations to the record as a whole and found the subjective complaints to be inconsistent with the objective evidence. "Such inconsistency is an appropriate basis for an adverse credibility finding." Morr v. Comm'r of Soc. Sec., 616 F. App'x 210, 212 (6th Cir. 2015).

Boles' reliance on the April 21, 2015 MRI does not alter this conclusion. He notes that the MRI showed "stenosis of the medial aspect of the neural foramina," "there was a posterior central right disc protrusion that resulted in stenosis in the medial aspect of the right neural foramina" at C5-6, and there was a "posterior right lateral disc herniation" at C6-7. (Doc. No. 30 at 2-3). While this certainly does not sound good, Boles has not shown himself to be qualified to render the opinion that these constitute "very significant findings," (id. at 3), let alone that such "findings" are supportive of the pain that he claims. Regardless, the ALJ specifically listed degenerative disc disorder as a "severe impairment," and, as a result, found Boles could only perform light work. (Doc. No. 21-1 at 8, 11). Boles points to nothing in the MRI records that establishes his inability to perform such work, beyond the supposition that the report could perhaps indicate greater limitations. See Mokbel-Aljahmi v. Comm'r of Soc. Sec., 732 F. App'x 395, 399–400 (6th Cir. 2018) (noting that "the substantial-evidence standard . . . presupposes that there is a zone of choice within which the decisionmakers can go either way," and, therefore, the fact that some evidence supports a claimant's position is not dispositive).

Accordingly, and having conducted the *de novo* review required by Rule 72 of the Federal Rules of Civil Procedure, the Court rules as follows:

(1) The R&R (Doc. No. 29) is **APPROVED** and **ADOPTED**;

(2) Boles' Objection (Doc. No. 30) to the R&R is **OVERRULED**; and

(3) The final decision of the Commissioner denying Boles Disability Insurance Benefits and Supplemental Security Income is **AFFIRMED**.

The Clerk of the Court shall enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE